# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 16, 2013

Lyle W. Cayce
Clerk

No. 13-10046

HEIL TRAILER INTERNATIONAL COMPANY, a Delaware Company,

Plaintiff-Appellant,

v.

GAVIN KULA; JERRY DAVIS; ROBERT TROXELL; WILLIAM LYMAN; TROXELL COMPANY, INCORPORATED, a Texas Corporation,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-385

Before DAVIS and JONES, Circuit Judges, and MILAZZO[*], District Judge.

PER CURIAM:[**]

This is an interlocutory appeal from the district court's order denying a preliminary injunction. Plaintiff-Appellant Heil Trailer International Company ("Heil") alleges that its former employees, Defendants-Appellees Gavin Kula ("Kula"), Jerry Davis ("Davis"), and William Lyman ("Lyman"), unlawfully shared certain confidential information with Heil's competitor, Defendant-

---

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10046

Appellee Troxell Company ("Troxell"). Alleging that this confidential information included its trade secrets, Heil raised a number of claims against its former employees and Troxell based on Texas common law, the Texas Theft Liability Act ("TTLA"), and the Computer Fraud and Abuse Act ("CFAA"). Heil also sought a preliminary injunction to prevent Troxell from using the alleged trade secrets until a trial on the merits. After considering a series of conflicting affidavits submitted by the parties, the district court denied the preliminary injunction.

We vacate the district court's order and remand for further proceedings. Whereas the applicable test for trade secret status described by the Supreme Court of Texas in *In re Bass*[1] is a six-factor balancing test, the district court mistakenly applied it conjunctively as if all six factors were essential elements.

## I.

Heil designs and manufactures trailers for the transportation of liquids, including crude oil and fuel products. Kula, Davis, and Lyman were all formerly employed in Heil's engineering group, although all three of them had left Heil by April 2012 to work for Troxell. There is no dispute in this case that Kula, while still working for Heil, sent e-mails to Troxell that contained certain information relating to Heil's business. The full extent of what was shared is unknown at this preliminary stage of the proceedings, although it is uncontested that the shared information included at least certain of Heil's engineering drawings, which were drafted using computer-aided design ("AutoCAD") tools, as well as Heil's weight distribution drawings, calibration charts, calibration code, purchasing information, and internal operating procedures.

The parties agree that some of these items of information are used for the design and manufacture of Heil's liquid trailers, while others are used for the

---

[1] *In re Bass*, 113 S.W.3d 735, 739 (Tex. 2003).

marketing of Heil's liquid trailers to customers. The parties contest, however, whether any of these items shared by Kula with Troxell constitutes a trade secret that would entitle Heil to protection under Texas law.

On June 11, 2012, Heil brought suit against Kula, Davis, Lyman, and Troxell in federal court. Heil raised claims for misappropriation of trade secrets, breach of fiduciary duty, violation of the TTLA, violation of the CFAA, aiding and abetting, civil conspiracy, unjust enrichment, and fraud. In its complaint, Heil invoked the district court's diversity jurisdiction and federal question jurisdiction. Heil also moved for a temporary restraining order and a preliminary injunction. The district court denied Heil's motion for a temporary restraining order because the injury alleged was not sufficiently immediate to justify issuing a restraining order before hearing any opposition. While Heil's motion for a preliminary injunction was still pending, the district court also considered and denied Troxell's motion to dismiss the claims for aiding and abetting violations of the CFAA.

On December 18, 2012, the district court denied Heil's motion for a preliminary injunction. Despite Heil's request that its witnesses be permitted to testify orally, the district court did not conduct an evidentiary hearing. Rather, the district court based its decision on a series of affidavits and declarations provided by various engineers working for Heil and Troxell. After considering these affidavits, the district court found three grounds on which to deny Heil's motion for a preliminary injunction. First, the district court concluded that Heil's information was not entitled to trade secret protection under Texas law because it could have been easily duplicated or acquired by other participants in the liquid trailer industry. Second, the district court ruled that any injuries resulting from the use of Heil's trade secrets would be quantifiable and therefore compensable by monetary damages. Third, the district court ruled that the balance of hardships weighed in Troxell's favor.

No. 13-10046

After the district court denied Heil's motion for a preliminary injunction, Heil then filed this interlocutory appeal.

## II.

We review a district court's decision to grant or deny a preliminary injunction for abuse of discretion.[2]  As to each element of the district court's preliminary-injunction analysis, the district court's findings of fact are "subject to a clearly-erroneous standard of review," while conclusions of law are "subject to broad review and will be reversed if incorrect."[3]

## III.

A movant must satisfy each of four criteria in order to be entitled to a preliminary injunction: (1) substantial likelihood of success on the merits, (2) irreparable injury, (3) a favorable balance of hardships, and (4) no adverse effect on the public interest.[4]  A preliminary injunction is an extraordinary remedy that should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements.[5]  The findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits.[6]

In this case, the district court found that Heil had not carried its burden to demonstrate that its claim for misappropriation of trade secrets was

---

[2] *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 267-68 (5th Cir. 2012).

[3] *Id.* (quoting *Janvey v. Alguire*, 647 F.3d 585, 592 (5th Cir. 2011)); *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009) ("[A] decision grounded in erroneous legal principles is reviewed *de novo*.") (citation omitted).

[4] *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012); *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009).

[5] *Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012).

[6] *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).

No. 13-10046

substantially likely to succeed on the merits, that irreparable injury would likely result from the alleged misappropriation of trade secrets, or that the balance of hardships favored a preliminary injunction. The district court therefore had no need to address the effect of the requested injunction on the public interest. Explaining that "[a]ll of Heil's claims rest on Defendants' alleged theft and misuse of Heil's protected trade secrets," the district court also chose not to address any of Heil's other asserted grounds for injunctive relief, such as Heil's claims for breach of fiduciary duty.

A.

As one basis for denying Heil's motion for a preliminary injunction, the district court held that Heil had not demonstrated a substantial likelihood that its claim for misappropriation of trade secrets would succeed on the merits.[7] In Texas, to succeed on a claim for misappropriation of trade secrets, a plaintiff must demonstrate (1) the existence and ownership of a trade secret, (2) the breach of a confidential relationship or improper discovery of a trade secret, (3) use or disclosure of the trade secret, and (4) damages to the owner.[8] In the district court's view, Heil did not carry its burden to demonstrate that its confidential information—specifically its AutoCAD drawings, weight distribution drawings, calibration charts, calibration code, purchasing information, and internal operating procedures—included any trade secrets. The district court

---

[7] Defendants-Appellees argue that Heil has waived appeal as to the district court's holding that Heil's claim for misappropriation of trade secrets is not substantially likely to succeed on the merits. The district court, however, identified only one reason for this conclusion, which was Heil's failure to demonstrate the existence of any trade secrets. Since Heil has adequately briefed this issue during the present proceedings, we disagree with Defendants-Appellees and find that Heil has not waived appeal as to this question.

[8] *Cuidado Casero Home Health of El Paso, Inc. v. Ayuda Home Health Care Servs., LLC*, 404 S.W.3d 737, 744 (Tex. App. 2013); *Bohnsack v. Varco, L.P.*, 668 F.3d 262, 279 (5th Cir. 2012) (citing *Trilogy Software, Inc. v. Callidus Software, Inc.*, 143 S.W.3d 452, 463 (Tex. App. 2004)).

No. 13-10046

therefore had no need to reach any of the other three elements of Heil's claim for misappropriation of trade secrets.

When analyzing the parties' evidence regarding the character of Heil's confidential information, the district court accurately enumerated the six factors that Texas courts consider when deciding whether information constitutes a trade secret. As the Supreme Court of Texas explained in *In re Bass*, these factors include (1) the extent to which the information is known outside the business of the entity claiming the trade secret, (2) the extent to which it was known by employees and others involved in the business, (3) the extent of the measures taken by the entity to guard the secrecy of the information, (4) the value of the information to the entity and its competitors, (5) the amount of effort or money expended by the entity in developing the information, and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.[9]

The district court also explained that only the first, third, fifth, and sixth of these factors were contested in this case, because Defendants-Appellees made no arguments regarding the second and fourth factors. As to the contested factors, the parties submitted a number of conflicting affidavits in support of their respective positions. Reviewing these affidavits, the district court found that Heil had produced sufficient evidence to demonstrate that Heil's confidential information was not generally known outside of Heil's business, that Heil had taken measures to keep its confidential information secret, and that Heil had expended considerable effort and money developing its confidential information.

Turning to the sixth and final factor, however, the district court was not persuaded that it would be difficult for others in the liquid trailer industry to

---

[9] *Bass*, 113 S.W.3d at 739; *Astoria Indus. of Iowa, Inc. v. SNF, Inc.*, 223 S.W.3d 616, 634-35 (Tex. App. 2007); *Sands v. Estate of Buys*, 160 S.W.3d 684, 687-88 (Tex. App. 2005).

No. 13-10046

acquire or duplicate any of Heil's confidential information.  The district court explained that Defendants-Appellees had produced "evidence showing that the information was readily ascertainable in the industry," although the district court found "no need to restate that evidence here."  In the district court's view, Heil's failure to carry its burden on this factor precluded a finding that Heil's confidential information was substantially likely to include any trade secrets.  Citing this Court's decisions in *Anderson v. Jackson* and *PCI Transportation v. Fort Worth & Western Railroad Company,*[10] the district court also concluded that Heil had not produced sufficient evidence to justify holding an evidentiary hearing on this final factor.  The district court therefore concluded, based only on the parties' conflicting affidavits, that Heil had not demonstrated a substantial likelihood that its claim for misappropriation of trade secrets would be successful.  Accordingly, the district court denied Heil's motion for a preliminary injunction.

We vacate the district court's order and remand for a reconsideration of whether Heil's information included any trade secrets.  Whereas *In re Bass* prescribed a six-factor balancing test, the district court mistakenly applied the test conjunctively as if all six factors were essential elements.  Texas courts have explained consistently that "the party claiming a trade secret *should not be required to satisfy all six factors* because trade secrets do not fit neatly into each factor every time."[11]  Accordingly, the test requires courts to "weigh [the] six factors . . . in the context of the surrounding circumstances," as opposed to ruling

---

[10] *See Anderson v. Jackson*, 556 F.3d 351, 360-61 (5th Cir. 2009); *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 546 (5th Cir. 2005).

[11] *Bass*, 113 S.W.3d at 739-40 (emphasis added); *Reliant Hosp. Partners, LLC v. Cornerstone Healthcare Grp. Holdings, Inc.*, 374 S.W.3d 488, 499 (Tex. App. 2012); *Astoria*, 223 S.W.3d at 635.

No. 13-10046

against a party who cannot satisfy a single factor.[12]  Here, the district court's conclusion hinged entirely on a single factor: that it would not be difficult for others in the liquid trailer industry to acquire or duplicate any of Heil's confidential information.  But there is no indication that the district court balanced this single unfavorable factor against the other five.  The district court did not explain why this factor should be given greater weight than the other five factors or tip the balance in this particular case against trade secret status.  From the text of the order, it therefore appears that the district court "required" Heil "to satisfy all six factors," which is explicitly forbidden by *In re Bass*.[13]

Accordingly, the district court's erroneous misapplication of the balancing test must be vacated and corrected.  In this respect, we also make two final observations.  First, while the ease with which competitors may lawfully acquire or duplicate a particular piece of information is relevant to that information's status as a trade secret, this factor by itself is unlikely to be dispositive.  As the Court of Criminal Appeals of Texas, sitting *en banc*, the Supreme Court of Texas, and numerous Texas courts of appeals have uniformly held, "[t]he fact that a trade secret is of such a nature that it can be discovered by experimentation or other fair and lawful means does not deprive its owner of the right to protection from those who would secure possession of it by unfair means."[14]  This principle of Texas law must also be taken into consideration whenever a court applies the six-factor balancing test established in *In re Bass*.

---

[12] *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, L.L.C.*, 637 F.3d 604, 610-11 (5th Cir. 2011); *Nova Consulting Grp., Inc. v. Eng'g Consulting Servs., Ltd.*, 290 F. App'x 727, 734-35 (5th Cir. 2008).

[13]  *See Bass*, 113 S.W.3d at 739-40.

[14]  *Weightman v. State*, 975 S.W.2d 621, 627-28 (Tex. Crim. App. 1998) (*en banc*); *K & G Oil Tool & Serv. Co. v. G & G Fishing Tool Serv.*, 314 S.W.2d 782, 788 (Tex. 1958); *Astoria*, 223 S.W.3d at 637 n.74; *Am. Derringer Corp. v. Bond*, 924 S.W.2d 773, 777 (Tex. App. 1996); *Weed Eater, Inc. v. Dowling*, 562 S.W.2d 898, 901 (Tex. Civ. App. 1978); *Brown v. Fowler*, 316 S.W.2d 111, 114 (Tex. Civ. App. 1958).

No. 13-10046

Second, it is troubling that the district court failed to hold an evidentiary hearing to resolve the factual dispute apparent from the parties' conflicting evidence. Heil's witnesses testified by affidavit that it would be extremely difficult for competitors to acquire or duplicate the information shared with Troxell, and Defendants-Appellees' witnesses testified to the contrary. As this court has held, Rule 65(a)(1) of the Federal Rules of Civil Procedure "implies a hearing" on motions for preliminary injunctions in cases "at that end of the spectrum where so very much turns upon an accurate presentation of numerous facts."[15] Accordingly, while we have frequently affirmed district courts' decisions to rule on such motions without conducting an oral hearing, we have done so exclusively in cases that involved no genuine factual dispute.[16] In cases such as this one, however, where the parties' affidavit testimony is in direct contradiction as to material questions of fact, "the propriety of proceeding upon affidavits becomes the most questionable."[17]

---

[15] *Commerce Park at DFW Freeport v. Mardian Const. Co.*, 729 F.2d 334, 341 (5th Cir. 1984) (quoting *Marshall Durbin Farms, Inc. v. Nat'l Farmers Org., Inc.*, 446 F.2d 353, 356 n.4 (5th Cir. 1971)) (internal alterations omitted); *see also Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) ("[W]here factual disputes are presented, the parties must be given a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted.").

[16] *See Gittinger v. Ramos*, 372 F. App'x 486, 489 (5th Cir. 2010); *Anderson*, 556 F.3d at 361; *PCI Transp.*, 418 F.3d at 546; *Kaepa*, 76 F.3d at 628; *Parker v. Ryan*, 959 F.2d 579, 584 (5th Cir. 1992); *Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558-59 (5th Cir. 1987); *Commerce Park*, 729 F.2d at 341.

[17] *Marshall Durbin*, 446 F.2d at 356 n.4. Several of our decisions have left open the possibility that the decision to deny a preliminary injunction without an evidentiary hearing (as opposed to granting it) might be entirely within the district court's discretion—even where a genuine factual dispute remains between the parties. *See PCI Transp.*, 418 F.3d at 546; *Commerce Park*, 729 F.2d at 341. However, it is fundamental that, "[i]f there is a factual controversy, . . . oral testimony is preferable to affidavits because of the opportunity it provides to observe the demeanor of the witnesses." WRIGHT & MILLER ET AL., 11A FED. PRAC. & PROC. CIV. § 2949 (2d ed.). This principle is no less true where a preliminary injunction is denied than where a preliminary injunction is granted.

No. 13-10046

B.

The district court also denied the preliminary injunction on the independent basis that Heil failed to demonstrate a likelihood of irreparable harm.[18]  In doing so, the district court relied entirely on decisions by federal courts, none of which analyzed or applied the case law of Texas courts addressing the misappropriation of trade secrets.  The district court therefore failed to apply the correct law in this case.  Given the considerable authority under Texas law indicating that injuries to goodwill and competitive position are irreparable where trade secrets have been misappropriated, the district court's categorical conclusion that such injuries are compensable by monetary damages was erroneous.  While specific findings regarding the facts and circumstances may justify such a conclusion in a particular case, the district court articulated no such findings here.

An irreparable injury is one that cannot be undone by monetary damages[19] or one for which monetary damages would be "especially difficult to calculate."[20] Because both the availability and the measure of damages are governed by state law in a diversity case,[21] it follows that state law also governs whether certain injuries qualify as irreparable for the purposes of granting a preliminary

---

[18] *See Dennis Melancon*, 703 F.3d at 267-68.

[19] *See DFW Metro Line Servs. v. Sw. Bell*, 901 F.2d 1267, 1269 (5th Cir. 1990); *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981).

[20] *See Lakedreams v. Taylor*, 932 F.2d 1103, 1109 (5th Cir. 1991); *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 810 n.1 (5th Cir. 1989).

[21] *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 428 (5th Cir. 2003) (citing *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 601-02 (5th Cir. 2000); *see also Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 429-30 (1996) (applying New York law on excessive damages); *id.* at 464 (Scalia, J., dissenting) ("State substantive law controls what injuries are compensable and in what amount . . . .").

injunction.[22]     Accordingly, this court has looked to Texas law to determine whether potential injury would be irreparable where the plaintiff sought a preliminary injunction to prevent the use of trade secrets by a competitor.[23] This court also consults state law in determining whether an injury qualifies as irreparable for the purposes of a permanent injunction.[24] As the Supreme Court of the United States has recognized, the standards applicable to requests for preliminary and permanent injunctions are "essentially the same . . . with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success" when pursuing a preliminary injunction.[25]   It was therefore error for the district court to disregard Texas law as to the question of irreparable injury.

Texas courts have frequently found that irreparable harm is likely in cases where trade secrets have been misappropriated.[26]   We have also upheld such

---

[22] As the Tenth Circuit has held, "[w]hile federal law governs the procedural questions when a preliminary injunction may issue and what standards of review we apply, . . . we analyze the substantive legal questions . . . under, and in light of, [the relevant] state's law" in a diversity case. *Flood v. ClearOne Commc'ns, Inc.*, 618 F.3d 1110, 1117 (10th Cir. 2010).

[23] *See FMC Corp. v. Varco Int'l, Inc.*, 677 F.2d 500, 504-05 (5th Cir. 1982).  More recently, the Seventh and Eighth Circuits have also looked to state law to determine whether injury is irreparable for the purpose of granting a preliminary injunction. *Safety-Kleen Sys., Inc. v. Hennkens*, 301 F.3d 931, 935 (8th Cir. 2002) ("Because this is a diversity case, we look to Missouri law for the proper irreparable injury standard."); *JAK Prods., Inc. v. Wiza*, 986 F.2d 1080, 1084 (7th Cir. 1993) (citing Indiana law).

[24] *E.&J. Gallo Winery v. Spider Webs Ltd.*, 286 F.3d 270, 279-80 (5th Cir. 2002); *Molex, Inc. v. Nolen*, 759 F.2d 474, 477-78 (5th Cir. 1985).

[25] *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 32 (2008) (quoting *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987)).

[26] *See K&G Oil Tool & Serv. Co.*, 314 S.W.2d at 791 (upholding a finding of irreparable injury based on "the inability of plaintiffs to . . . determine how much loss of revenue would result to plaintiffs from such illegal and unlawful use" of plaintiffs' trade secrets); *Institutional Sec. Corp. v. Hood*, 390 S.W.3d 680, 683-85 (Tex. App. 2012) (affirming trial court's partial grant of a temporary injunction because the damages caused by "loss of good will, business disruption, and loss of office stability" were "not subject to mathematical calculation"); *Sharma v. Vinmar Int'l, Ltd.*, 231 S.W.3d 405, 427 (Tex. App. 2007); *Mabrey v. SandStream, Inc.*, 124

No. 13-10046

findings by district courts.[27]  As one Texas court of appeals explained, "[w]hen a defendant possesses trade secrets and is in a position to use them, harm to the trade secret owner may be presumed."[28]  According to that decision, "[t]he threatened disclosure of trade secrets constitutes irreparable injury as a matter of law."[29]

Given these authorities, the district court's categorical statement that "any damages would be quantifiable and, thus, not irreparable" was erroneous.  We recognize that the facts and circumstances of a particular case could perhaps show that certain injuries resulting from misappropriation of trade secrets are either compensable by monetary damages[30] or purely speculative,[31] as Texas courts have occasionally found.  In this case, however, the district court examined no items of evidence in the record and articulated no reasons that would explain this result.  On remand, therefore, the district court must revisit this question by analyzing the facts and circumstances of this particular case in light of the applicable Texas law.

C.

On remand, based on its additional findings and analysis regarding trade secret status and irreparable injury, the district court must also reexamine the

---

S.W.3d 302, 319 (Tex. App. 2003); *T-N-T Motorsports, Inc. v. Hennessey Motorsports, Inc.*, 965 S.W.2d 18, 23-24 (Tex. App. 1998).

[27] *Daniels Health Sciences, L.L.C. v. Vascular Health Sciences, L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013); *Varco Int'l, Inc.*, 677 F.2d at 504-05.

[28] *See IAC, Ltd. v. Bell Helicopter Textron, Inc.*, 160 S.W.3d 191, 200 (Tex. App. 2005).

[29] *See id.*

[30] *See, e.g.*, *Washington DC Party Shuttle, LLC v. IGuide Tours*, 14-12-00303-CV, 2013 WL 3226768, at *16 (Tex. App. June 27, 2013); *Delcom Grp., LP v. Dallas Indep. Sch. Dist.*, 05-11-01259-CV, 2012 WL 3552672, at *6-7 (Tex. App. Aug. 17, 2012).

[31] *See Fox v. Tropical Warehouse, Inc.*, 121 S.W.3d 853, 860-61 (Tex. App. 2003).

balance of the hardships in this case.  A preliminary injunction is to be issued only when the balance of hardships favors the party seeking the injunction.[32] This calculation requires a court to consider "the competing claims of injury and . . . the effect on each party of the granting or withholding of the requested relief."[33]  A district court therefore can only perform this task after identifying "the most serious possible injury" that can be claimed by either party.[34]  Given that the district court's original decision concluded that Heil had established neither the existence of any trade secrets nor the likelihood of irreparable injury, the district court's conclusion as to the balance of hardships may also require revision after these matters have been reconsidered on remand.

### D.

Finally, the district court failed to consider whether Heil was entitled to injunctive relief on the basis of any of its other claims, including breach of fiduciary duty, violation of the CFAA, violation of the TTLA, and civil conspiracy.  Heil explicitly asserted each of these claims as a basis for relief in its motion for a preliminary injunction.  Where a district court fails to address a ground upon which relief is requested, we vacate and remand for further proceedings with regard to that ground.[35]  Some or all of Heil's additional claims may be affected by a preliminary finding that Heil's confidential information contains trade secrets,[36] although we need not reach these questions at this time.

---

[32] *Tex. Med. Providers*, 667 F.3d at 574.

[33] *Winter*, 555 U.S. at 24 (quoting *Amoco Prod. Co.*, 480 U.S. at 542).

[34] *See id.* at 26.

[35] *See, e.g., Wallace v. Stufflebeme*, 265 F.3d 1059 (5th Cir. 2001); *Saahir v. Johnson*, 214 F.3d 1350 (5th Cir. 2000); *Fuller v. Rich*, 91 F.3d 138 (5th Cir. 1996).

[36] *See, e.g., T-N-T Motorsports*, 965 S.W.2d at 22 (finding that former employees possess a duty not to use "confidential information or trade secrets acquired during the course of employment"); *Miller Paper Co. v. Roberts Paper Co.*, 901 S.W.2d 593, 600 (Tex. App. 1995) (same).

No. 13-10046

Based on its revised analysis, the district court may be obliged to address the relationship between Heil's additional claims and the presence or absence of any trade secrets.

## IV.

For the reasons stated above, we hereby vacate the order of the district court denying Heil's motion for a preliminary injunction. We remand this case with instructions to conduct further proceedings in accordance with this opinion.

VACATED and REMANDED.